UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUNNE KOH, | CASE NO. C18-684 RSM |
| Petitioner, | MINUTE ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

The following MINUTE ORDER is made by direction of the Court, the Honorable Ricardo S. Martinez, Chief United States District Judge:

This matter is before the Court on Petitioner's Motion for Reconsideration. Dkt. #24. Finding the request untimely, not substantively warranted, and that this Court lacks jurisdiction, the Court strikes the Motion for Reconsideration.

On April 25, 2019, this Court issued its Order Denying Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Dkt. #20. On June 4, 2019, the Clerk docketed a Notice of Appeal and Motion for a COA.[1] Dkt. #22. On June 24, 2019, this Court received a letter from Petitioner. Dkt. #24. While unclear

---

[1] Certificate of Appealability. *See* 28 U.S.C. § 2253.

MINUTE ORDER – 1

as to its purpose,[2] the Court construes the filing as a request for reconsideration. Petitioner's Motion, however, suffers from three fatal deficiencies.

Procedurally, a motion for reconsideration "shall be filed within fourteen days after the order to which it relates is filed." LCR 7(h)(2). Petitioner filed his Motion more than fourteen days after the Court's April 25, 2019 Order. Dkt. #20. The Court accordingly strikes the Motion as untimely.

Substantively, "[m]otions for reconsideration are disfavored." LCR 7(h)(1). The Court will "ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1). Petitioner's Motion does not demonstrate any error in the Court's earlier ruling. In fact, the Motion merely repeats the same arguments that the Court has already rejected. Were the Motion timely, the Court would deny it.

Finally, this Court lacks jurisdiction. Petitioner has appealed to the United States Court of Appeals for the Ninth Circuit. Dkt. #22. That appeal has been docketed by the Ninth Circuit and is currently pending. *United States v. Koh*, No. 19-35492 (9th Cir. 2019). Upon docketing of the appeal, this Court no longer has jurisdiction over the matter. *See* FED. R. APP. P. 42; *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control"); FED. R. CIV. P. 62.1. Even if it were timely and substantively warranted, the Court would be unable to grant the relief requested.

---

[2] The letter confusingly requests the Court's assistance in a deferral of removal case before the Eleventh Circuit Court of Appeals and twice indicates that it requests reconsideration. Dkt. #24 at 1.

MINUTE ORDER – 2

Accordingly, and for all these reasons, the Court STRIKES Petitioner's Motion for Reconsideration (Dkt. #24) as procedurally improper. The Clerk of the Court is directed to forward a copy of this Minute Order to Petitioner.

Dated this 27th day of June 2019.

WILLIAM McCOOL, Clerk

By: /s/ Paula McNabb
Deputy Clerk

MINUTE ORDER – 3